UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLENN E. CONROY, JR.,

     Plaintiff,

 v.                Case No. 20-cv-1324-pp

LATISHA, *Practitioner at Racine County Jail,*
and DR. TOD,

     Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR PLAINITFF'S FAILURE TO COMPLY WITH COURT'S ORDERS AND FAILURE TO DILIGENTLY PURSUE**

---

  Plaintiff Glenn Conroy, an inmate at the Racine County Jail who is representing himself, filed this complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights when they did nothing to address his reports that he was suffering extreme stomach pain from ingesting items such as pencils, toothbrushes and sporks. Dkt. No. 1.

  Along with the complaint, the plaintiff filed a motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and a copy of his trust account statement, dkt. no. 3; the statement covered only the period from May 18 to August 24, 2020—just over three months—and in the bottom, right-hand corner, indicated that the single-page document was "Page 5 of 5." The next day, the clerk's office sent the plaintiff a letter indicating that the trust account statement was inadequate and requesting that he file a certified, six-month trust account statement as soon as possible. Dkt. No. 4. On September 10,

2020, the court received from the plaintiff a letter stating that the trust account statement he had submitted was correct because he had been incarcerated only since July 6, 2020. Dkt. No. 5. The clerk's office sent the plaintiff a second letter, telling him that the problem with the trust account statement he had submitted was that it consisted only of the fifth page of a five-page statement and requiring that by October 5, 2020, he file a certified copy of his trust account statement for the preceding six months, "or for the entire time period [the plaintiff had] been incarcerated if it [was] less than six months." Dkt. No. 7. The plaintiff did not file a complete trust account statement by October 5—the court has received nothing from him since his September 10 letter.

On October 14, 2020, Magistrate Judge William E. Duffin, to whom the case was assigned, ordered the plaintiff to either pay the full civil case filing fee of $400 or submit a *complete* six-month trust account statement by October 28, 2020. Dkt. No. 8 at 2. Judge Duffin again explained that the trust account statement was not complete because it included only one page (page 5) of a five-page document. Id. at 1. Judge Duffin warned the plaintiff that failure to comply with his order would result in dismissal of the case without prejudice based on failure to diligently prosecute it. Dkt. No. 8 at 2.

The October 28 deadline has passed, and the plaintiff has not complied with Judge Duffin's order. He has not filed a trust account statement for the period from July 6, 2020 through August 2020. The court will dismiss the case without prejudice for failure to comply with the court's order and failure to diligently pursue the case.

2

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to comply with the court's order and failure to diligently pursue the case. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin, this 18th day of November, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**